IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL LEE CARTER,

    Petitioner,                       No. CIV S-04-0272 FCD GGH P

    vs.

A.K. SCRIBNER, Warden,

    Respondent.                     FINDINGS AND RECOMMENDATIONS

_____/

Introduction

        Petitioner is proceeding with appointed counsel on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is serving a sentence of 25 years having entered a nolo contendere plea in El Dorado County Court in 1999 to the allegation of attempted murder of Jesse James Teach with an enhancement for personal use of a firearm. Petition, p. 1; (Resubmitted) Supplemental Memorandum (RSM), pp. 1-2.

        Petitioner contends that he was denied effective assistance of counsel in violation of the Sixth Amendment and would not have entered a plea had he been aware that his counsel, James Clark, was a friend of the victim, Jesse Teach, and the victim's family and may have represented Mr. Teach in criminal matters. In the answer, respondent concedes that this portion of petitioner's claim has been exhausted. Answer, p. 2. However, petitioner, in his

supplemental memorandum now alleges that James Clark also represented his "putative co-defendant," Shane Lesher. RSM, p. 3, 6-7, 13-14. Respondent contends that this aspect of his Sixth Amendment claim was never before the state courts and is thus unexhausted. Answer, p. 2, 6. Petitioner argues that, although the underlying facts with respect to the Lesher allegations are not the same as those before the state supreme court, the claim of ineffective assistance of counsel arising from a conflict of interest has been exhausted. Traverse, pp. 2-8. Notwithstanding, petitioner asks, should the court find this portion of the claim unexhausted, that the case be stayed and the petition held in abeyance pending exhaustion in state court. Id., p. 7.

Exhaustion Standard

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.). The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277 - 78. The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

In Vasquez v. Hillery, 474 U.S. 254, 260, 106 S. Ct. 617, 622 (1986), the Supreme Court found that new factual allegations presented therein did not render a previously exhausted claim unexhausted because the new facts did not "fundamentally alter the legal claim

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

already considered by the state courts."  In a Ninth Circuit case following closely on Vasquez, a petitioner's insertion of new evidence (an expert's affidavit) that placed the claim "'in a significantly different and stronger evidentiary posture than it was when the state courts considered it,'" therefore rendered the claim unexhausted.  Aiken v. Spalding, 841 F.2d 881 (9th Cir. 1988).  Without citing Aiken, both Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999) and Chacon v. Wood, 36 F.3d 1459, 1468 (9th Cir. 1994), recognized as overruled on related grounds in Johnson v. Xenon, 88 F.3d 828 (9th Cir. 1996), returned to the arguably more imprecise language of "fundamentally alter a claim."  "However, new factual allegations do not render a claim unexhausted unless they "'fundamentally alter the legal claim already considered by the state courts.' Vasquez v. Hillery, 474 U.S. 254, 260, 106 S.Ct. 617, 622, 88 L.Ed.2d 598 (1986)."  Id. at 1468.  Weaver deemed a jury misconduct claim to be exhausted where the claimed misconduct before the state courts was the bailiff's instruction to the jury that it could not adjourn without reaching a verdict.  But in federal court the issue was restated as—the jury was only instructed by the bailiff that it needed to reach a verdict on all counts [regardless when decided].  Weaver found the claim to be exhausted even though the factual predicate had arguably changed.  Weaver cited with approval a case finding exhaustion where improper jury contact differed in number, but not in kind from state to federal court.  In Chacon, the factual expansion which was found not to adversely affect exhaustion involved a change in the claim from an involuntary plea resulting from straight ineffective assistance of counsel—to a claim of involuntary plea filtered through ineffective assistance filtered through an erroneous translation factual context.[2]

        In this case, the court finds that the additional facts adduced by petitioner constitute a significantly different factual predicate undergirding the ineffective assistance of counsel claim based on counsel's alleged conflict of interest than has been before the state courts.

---

[2] However, a change in the legal source of a claim from state court to federal court, especially from one relying on state law to one relying on federal law, often results in a ruling that the claim was unexhausted.  See Peterson v. Lampert, 319 F.3d 1153 (9th Cir. 2003) (en banc).

The supporting facts and theory of this claim are wholly different from those set forth in the initial petition; thus, the court finds this portion of the claim is unexhausted.

This court has authority to hold exhausted petitions in abeyance while petitioner returns to state court to exhaust new claims. Calderon v. U.S.D.C. (Taylor), 134 F.3d 981 (9th Cir. 1998). However, in light of a recent decision of the United States Supreme Court, Rhines v. Weber, ___ U.S. ___, 125 S. Ct. 1528 (2005), good cause for having failed to exhaust all claims before filing in federal court must be shown before a stay and abeyance can be imposed. "On the other hand, it likely would be an abuse of discretion to deny a stay ... if the petitioner had good cause for his failure to exhaust...." Rhines v. Weber, 125 S. Ct. at 1535. In this instance, the undersigned finds such good cause in respondent's own representation that the attorney at issue, James Clark, "did not even realize that he represented Lesher until just recently." Answer, p. 7. If the factual predicate for the claim could not or did not come to light because the counsel at issue only recently realized it, petitioner cannot be expected to have unearthed the information prior to having filed his petition in this court.

The court will recommend that the unexhausted portion of petitioner's claim be stricken and the pending petition be deemed to incorporate only the exhausted claim that counsel rendered ineffective assistance of counsel due to his conflict of interest arising from his relationship with the victim and his family. The undersigned will then recommend that this matter be stayed until petitioner has exhausted his state court remedies with respect to the claim of conflicted counsel due to counsel's representation of petitioner's putative co-defendant. In light of Rhines, petitioner should be directed to file his claim within thirty days of the imposition of a stay and must, thereafter, within thirty days of the decision rendered by the state's highest court, file his amended petition in this court.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.) Petitioner's claim of conflicted counsel arising from counsel's representation of petitioner's putative co-defendant be stricken as an unexhausted claim;

2.) The petition containing only the exhausted claim with respect to petitioner's counsel's conflict arising from a relationship with the victim be stayed pending exhaustion of the stricken unexhausted claim;

3.) Petitioner be directed to file his state supreme court petition containing his unexhausted claim within thirty days of the order adopting these findings and recommendations, should that occur; and that, once the decision of the state supreme court has been filed, petitioner be directed to file an amended petition within thirty days following exhaustion of his claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 4/20/05                                          /s/ Gregory G. Hollows

                                                              GREGORY G. HOLLOWS
                                                              UNITED STATES MAGISTRATE JUDGE

GGH:009
cart0272.une